# Ryan v. Gross.

In an action before a Justice of the Peace for damages for trespass, the proceedings should sufficiently describe the alleged injury to show with certainty that the Justice has jurisdiction.

Proceedings before a Justice will be set aside on certiorari when the transcript simply states that "the plaintiff brings suit against defendant for one jacket; damage $5," and that at the hearing the plaintiff swore that "defendant has a jacket belonging to plaintiff; damages claimed, $5," there being nothing to show how the defendant secured the jacket or how he retains it.

JUSTICES—JURISDICTION—TRESPASS—SUFFICIENCY OF RECORD—CERTIORARI.

No. 2, August Term, 1902; C. P. of Lancaster County.

W. W. Franklin, Esq., for exceptions.

B. F. Davis, Esq., contra.

Opinion by LANDIS, J., Oct. 13, 1902.

It has been said by Rice, P. J., in Fitzgerald v. Campbell, 10 C. C. Rep., 397; that, "Since the passage of the Act abolishing the distinction between the forms of action *ex delicto* there are many demands cognizable in an action of trespass of which Justices of the Peace have no jurisdiction. Hence it cannot be inferred from the mere form of the action that the proof adduced by a plaintiff was in support of a demand by which the Justice had jurisdiction." And by Judge Seely, in Wood v. Bronson, 2 Dist. Rep., 746, that, "A Justice of the Peace entertaining jurisdiction of an action of trespass must, since the passage of the Act of 1887, so describe the wrongful act alleged as to show that it is within the jurisdiction conferred by the Act of March 22, 1814, and that this can no longer be inferred from the mere use of the word 'trespass.'" It has also been settled that the record of a Justice of the Peace must show his jurisdiction affirmatively and with certainty. Lovell Mfg. Co. v. Dougherty, 5 C. C. Rep. 399; Weidenhamer v. Bertle, 103 Pa., 450. It is true that it is not necessary for a Magistrate to set

Ryan v. Gross.

out the testimony on his record, but when he invokes the extraordinary method of taking the body of the defendant in custody to satisfy a judgment, it would seem that sufficient should appear thereon to show that the case was such a one as entitled him to so proceed. The Justice should set forth the character of the alleged injury with sufficient clearness to indicate that his jurisdiction in the premises exists. Sutliff v. Noble, 5 Kulp, 10. Thus in Fitzsimmons v. Phelan, 8 Dist. Rep., 651, where the cause of action is stated to be damages done on real estate in an action of trespass but failed to state the nature of the damages or how the defendant was connected with the trespass, it was held insufficient. See also Groh v. Firestone, 16 L. L. R., 382. It is not every action brought in the form of a tort which carries with it this mode of satisfaction. In cases where the property comes into the possession of the defendant wrongfully, or is wrongfully retained, and not under a contract, the jurisdiction is not affected by the provisions of the 1st, 23rd and 24th Sections of the Act of 1842, P. L. 339, even though the plaintiff may have the right to waive the tort and bring an equitable action on an implied promise to return it. Alexander & Co. v. Goldstein, 13 Sup., 518. But in Wilt v. Welsh, 6 Watts, 9, it was said by Gibson, C. J., quoting from Weal v. King, 12 East, 452, a case decided by Sir James Mansfield, that "the form of the action cannot alter the nature of the transaction, and that though the nonperformance of that which is originally contract may be made the subject of an action of tort, the foundation of that action must still be contract." In Livingston v. Cox, 6 Pa., 360, Bell, Jr., says: "The weight of authority has put it beyond question, that though the action may be in form as for a tort, yet if the subject of it be based on contract the suit will be attended by all the incidents of an action *ex contractu*, and this whether the defaulting party be an infant or an adult."

And in Bowen v. Burdick, 3 Clark 226, Sharswood, J., quoting from the 1st Section of the Act of 1842, says: "It is clear from these words that the form of the action was not meant to be the guide in the determination of cases arising under this

Ryan v. Gross.

Act. If it were necessary to go further to seek the intention of the legislature, the exceptions in the 1st section of cases of 'Misconduct or neglect office, or in any professional employment,' and the clause in the 3d section by which the remedy by warrant of arrest is provided where the defendant fraudulently contracted the debt or incurred the obligation respecting which suit is brought,' would be conclusive." See also Connolly v Evans, 4 C. C. Rep., 300.

In this case, on May 15, 1902, a summons in trespass was issued by the Alderman at the instance of the plaintiff against the defendant. The transcript shows that "the plaintiff brings suit against defendant for one jacket, damages $5." And it also shows that at the hearing the plaintiff swore, "defendant has a jacket belonging to plaintiff. Damages claimed $5." Judgment was on May 27, 1902, entered against the defendant for that amount. On June 7, 1902, an execution containing a clause of *capias ad satisfaciendum* was issued, and thereupon the case was brought into this Court on certiorari, the defendant alleging that under this state of facts, he is not liable to arrest.

How the defendant secured the jacket, or how he retains it is not set out on the record. If it was by reason of a contract between the parties the *ca. sa.* could not issue, nor could even judgment in trespass have been entered. If the jacket was retained wrongfully, we are at least entitled to know the character of the injury, so that we may intelligently judge. It, therefore, being as we have shown, the rule that the wrongful act must be sufficiently described so as to show jurisdiction in the magistrate, it follows that, as no such facts here appear, the record is defective, and the judgment and execution must, for this reason, be set aside.

The first exception ·is, therefore, sustained, and the proceedings of the magistrate are set aside.

From Lancaster Law Review,
Lancaster, Pa.